IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) | |
| ) | 8:08CR281 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| JOSE A. ROBLEDO, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 12th day of June, 2009, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. On March 3, 2009, the Defendant pled guilty to Count I of the Superseding Indictment. On May 26, 2009, a Stipulation was filed whereby the Defendant consented to the forfeiture of the real property. Count I of said Indictment charges the Defendant with conspiracy to distribute methamphetamine, cocaine and cocaine base, a violation of 21 U.S.C. § 846. Count II of said Superseding Indictment sought the forfeiture, pursuant to 21 U.S.C., § 853, of $17,950.00 in United States currency and the following real property:

>Lots 24 and 25, Black 2, Selbys-WL-First Addition, as addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, locally known as 2640 Jefferson Street, Omaha, Nebraska

on the basis they were used or were intended to be used to facilitate said controlled substance violation and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

2. The factual basis for the plea supports the forfeitability of the above-referenced properties. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said property, pursuant to 21 U.S.C., § 853.

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Count II of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the $17,950.00 in United States currency and the following real property:

> Lots 24 and 25, Black 2, Selbys-WL-First Addition, as addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, locally known as 2640 Jefferson Street, Omaha, Nebraska

C. The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant,

having or claiming a legal interest in any of the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 12th day of June, 2009

BY THE COURT:

s/ Joseph F. Bataillon
**JOSEPH F. BATAILLON, CHIEF JUDGE**
**United States District Court**